UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:16-CV-00106-HBB

**REBECCA L. JOHNSON**                                                                  **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This matter is before the court on Defendant Commissioner's motion to reconsider this Court's June 6, 2017 judgment (DN 18) reversing and remanding the administrative law judge's decision pursuant to 42 U.S.C. § 405(g) (DN 19). Plaintiff Rebecca Johnson has responded (DN 20), and this matter is ripe for review. For the reasons that follow, the Defendant's motion is denied.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not provide for a precise mechanism to bring a motion to reconsider, and the undersigned will therefore construe this as a motion to alter or amend a judgment under F. R. Civ. P. 59(e). *See* Smith v. Hudson, 600 F.2d 60, 62 (6th Cir. 1979); Riley v. Astrue, No. 7:11–CV–71–JMH, 2012 WL 1231829, at *3 (E.D. Ky., Apr. 12, 2012). A motion to amend or alter a judgment is granted where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." GenCorp, Inc. v. American International Underwriters, 178 F.3d 804, 825 (6th Cir.

1999) (rehearing and suggestion for rehearing en banc denied Jul. 26, 1999) (internal citations omitted). Granting a motion to amend or alter a judgment has been described as "an extraordinary remed[y] reserved for the exceptional case." Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008).

## DISCUSSION

With regard to this Court's June 6, 2017 judgment (DN 18), The Commissioner does not assert that it is entitled to an altered or amended judgment on the basis of manifest injustice or newly discovered evidence. Rather, the Commissioner believes the undersigned committed "clear errors of law" (DN 19 at PageID # 660). The Commissioner notes that an ALJ may rely on a vocational expert's opinion and that it is plaintiff's counsel's duty to highlight discrepancies or inaccuracies in that testimony (Id. at PageID # 662). The undersigned doesn't disagree with this general principle, but as pointed out in the original order, it is unreasonable to expect Plaintiff's counsel to anticipate every job in the DOT and know whether the job may be vulnerable. However, The Commissioner's primary argument cites pages 17 and 18 of the original order for the proposition that this Court has somehow imposed an affirmative duty in all subsequent cases on ALJs to ensure that, when a vocational expert lists jobs that the claimant can still perform, each of the listed jobs is not obsolete as described in the DOT. And, this Court apparently simultaneously relieved the plaintiff of any burden to ferret out infirmities in a vocational expert's testimony. The undersigned sees no reason to reconsider the prior order because the Commissioner has failed to point out any actual language in the opinion that supports its sweeping conclusion.

The Commissioner next argues that the current regulation nonetheless states that the DOT is the primary source relied upon by the Commissioner for job information, and the undersigned

held that the ALJ is now required to consult O*NET or some other unspecified source. Again, the undersigned held no such thing. Rather, the undersigned applied a common sense approach to the contested jobs, and, as in numerous other cases before numerous other courts, found the jobs appeared vulnerable to obsolescence. Next, this Court conducted an inquiry and determined the jobs likely were obsolete, and remanded for additional consideration because the vocational expert's testimony did not appear to be substantial evidence to support the ALJ's finding that prior to February 24, 2015, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed considering her age, education, work experience, and residual functional capacity (DN 17 PageID # 657). This approach is consistent with that of the Sixth Circuit Court of Appeals in Cunningham v. Astrue, 360 F. App'x 606 (6th Cir. 2010).

Moreover, the Commissioner's motion would have the reader believe that this Court has done something novel in noting that the DOT may contain outdated information. This doesn't square with the SSA's own publications. First, the DOT was last updated in 1991. Dictionary of Occupational Titles (4th Ed., Rev.1991), *available at* http://www.oalj.dol.gov. It is impossible not to know that the occupational landscape in the United States has been dramatically and permanently transformed since then by the proliferation of automation, computers, and the internet. Beyond the obvious, however, the SSA has been working since 2008 to address issues with the DOT. On December 9, 2008, then Commissioner Michael J. Astrue established the Occupation Information Advisory Panel (OIDAP) to provide independent advice to the Administration on forming an occupational information system (OIS) for SSA's disability programs and adjudicative needs.[1] The OIDAP solicited public comment and made recommendations. Now, the SSA is well into the development of its own OIS that is intended to

---

[1] Occupational Information Advisory Panel, https://www.ssa.gov/oidap/, (last visited Sept. 27, 2017).

keep current by regularly incorporating updated information through the use of a data collection process called the Occupational Requirements Survey (ORS).[2] The OIS is scheduled to be online by 2019.

Nor is this the first Court to highlight this issue. In Read v. Commissioner, the Magistrate Judge found other grounds for reversal, but nonetheless engaged in a lengthy discussion of the DOT's shortcomings, cited favorably to Cunningham, and noted that the SSA itself is well aware that portions of the DOT are obsolete. No. GJH-15-2684, 2016 WL 2610117, *5 (D. Md. May 6, 2016) (report and recommendation). In a published decision, Judge Posner wrote for the Seventh Circuit Court of Appeals "[i]f the only jobs that the applicant is physically and mentally capable of doing no longer exist in the American economy (such as pin setter, phrenologist, leech collector, milkman, pony express rider, and daguerreotypist), the applicant is disabled from working, and likewise, as a realistic matter, if there is an insignificant number of such jobs." Herrmann v. Colvin, 772 F.3d 1110, 1113 (7th Cir. 2014). Thus, while the Commissioner attempts to paint Cunningham as an unpublished one-off, the Sixth Circuit's reasoning was subsequently echoed by no less than Judge Posner in a published opinion. This is a sufficient judicial endorsement to comfort the undersigned in his reasoning and support a conclusion that the original order does not compel reconsideration.

To summarize, the sky is not in fact falling. The prior order did nothing more or less than rely on a Sixth Circuit opinion to note that the ALJ should have been sensitive to the fact that DOT entries may be outdated. *See* Cunningham, 360 F. App'x 606 (6th Cir. 2010). The Court then noted that common sense suggests that the occupations of ticket taker and monogram machine tender may well be much different in kind or number than they were in 1991. Finally,

---

[2] Social Security Online - Occupational Information System Project, https://www.ssa.gov/disabilityresearch/occupational_info_systems.html (last visited Sept. 27, 2017).

the Court, relying on information in Plaintiff's brief, concluded that this initial hunch was correct. Now, the Court notes that the Social Security Administration has publically acknowledged the DOT's vulnerability to obsolescence and has mounted an enormous effort to ensure ALJs have access to reliable occupational information. This further bolsters the Sixth Circuit and Judge Posner's conclusions, and the undersigned concludes there is no cause for reconsideration in this case.

Finally, Social security proceedings are investigatory and inquisitorial, not adversarial in the manner of a traditional judicial proceeding. Sims v. Apfel, 530 U.S. 103, 110-11 (2000). Thus, the net result of this case should be a more accurate determination of whether Rebecca Johnson is entitled to benefits. After all, the undersigned reversed the Commissioner's final determination in light of the fact that the vocational expert's testimony about the two jobs did not appear to constitute substantial evidence in light of his reliance on occupational descriptions in the DOT that likely were obsolete. The Commissioner should now seek on remand to determine whether there are (non-obsolete) jobs in significant numbers in the national economy that Ms. Johnson can perform given her age, education, work experience, and residual functional capacity.

**ORDER**

For the forgoing reasons, the Commissioner's motion to reconsider (DN 19) is **DENIED**.

Copies:     Counsel