# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:16-CV-00106-HBB

**REBECCA L. JOHNSON**                                                                                    **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the motion of Plaintiff, Rebecca L. Johnson, for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)(1) and (d)(1)(A) (DN 22). Defendant, Nancy A. Berryhill, Commissioner of Social Security ("Commissioner"), has filed a response (DN 23). Johnson's time to reply has expired. For the reasons set forth below, Johnson's motion is denied.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). This matter is ripe for determination.

### FINDINGS OF FACT

On September 12, 2016, Johnson filed a complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) (DN 1). The Commissioner filed

an answer and a copy of the administrative record (DN 7, 8). Johnson filed a fact and law summary with a supporting memorandum (DN 11, 11-1). Thereafter, the Commissioner filed a fact and law summary with a supporting memorandum (DN 16). The undersigned issued a memorandum opinion and order reversing the final decision of the Commissioner, and, pursuant to sentence four of 42 U.S.C. § 405(g), remanding the case to the Commissioner for further proceedings (DN 17). The Commissioner filed a motion for reconsideration (DN 19) and Johnson filed a response (DN 20). In a memorandum opinion and order entered October 11, 2017, the undersigned denied the Commissioner's motion for reconsideration (DN 19).

On October 31, 2017, Johnson filed her motion for an award of attorney fees (DN 22). In support of her motion, Johnson's attorney has submitted a memorandum, an itemization of time, and a proposed order (DN 22, 22-1).

## CONCLUSIONS OF LAW

The EAJA allows the award of attorney fees and other expenses against the government provided that:

> (1) The party seeking such fees is the "prevailing party" in a civil action brought by or against the United States;
>
> (2) An application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action;
>
> (3) The position of the government is not substantially justified; and
>
> (4) No special circumstances make an award unjust.

28 U.S.C. §§ 2412(d)(1)(A),(B). The absence of any of the above factors precludes an award of fees. 28 U.S.C. §§ 2412(d)(1)(A),(B).

Here, Johnson seeks an award of attorney fees in the amount of $3,218.75 for 25.75 hours of work at the EAJA's statutory rate of $125.00 per hour (DN 22).  The parties agree that Plaintiff was the prevailing party, and neither argues that there were any special circumstances (DN 22, 23).  The Commissioner argues that the motion should be denied because her position was substantially justified (DN 23, 23-1).  Alternatively, the Commissioner contends that the total amount of attorney fees requested by Johnson is not reasonable, and it should be reduced to $2,687.50 (DN 23, 23-2).

    1.  Substantially Justified

The Commissioner argues her position regarding Finding No. 11 in the ALJ's decision was substantially justified and, therefore, the Court should deny Plaintiff's EAJA request for attorney fees (DN 23 PageID # 685-89).  The Commissioner explains that a position is substantially justified if it is based on a reasonable belief in fact and law (DN 23 PageID # 685-87, citing Pierce v. Underwood, 487 U.S. 552, 565-66 and n. 2 (1988), Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996), Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994)).  The Commissioner points out that the Dictionary of Occupational Titles (DOT) is the Agency's "*primary* source" of reliable job information (Id. PageID # 687 citing 20 C.F.R. § 404.1566(d)(1) and Social Security Ruling 00-4p (SSR)).  The Commissioner further points out that established Sixth Circuit case law holds that a vocational expert's "uncontroverted testimony that does not conflict with the DOT provides substantial evidence for a Step Five finding" (Id. citing Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 605-06 (6th Cir. 2009)).  Additionally, the Commissioner observes that the Lindsley decision and its progeny have established that the ALJ is under no obligation to investigate the accuracy of the vocational expert's testimony beyond the inquiry

3

specified by SSR 00-4p (Id. PageID # 687-88, citing 560 F.3d at 605-06, Beinlich v. Comm'r of Soc. Sec., 345 F. App'x 163, 168-69 (6th Cir. 2009), Martin v. Comm'r Soc. Sec., 170 F. App'x 369, 374 (6th Cir. 2006), Poe v. Comm'r of Soc. Sec., F. App'x 149, 158 (6th Cir. 2009)). Moreover, asserts the Commissioner, Sixth Circuit case law directs that it is the claimant's duty to bring inconsistencies in the vocational expert's testimony to the ALJ's attention (Id. citing Lindsley, 560 F.3d at 605-06).

With regard to the facts, the Commissioner asserts that the vocational expert provided uncontroverted testimony regarding the jobs and, in response to the ALJ's question, confirmed that his testimony did not conflict with information in the DOT (Id. PageID # 688-89 citing Tr. 68-69). Therefore, while her position regarding Finding No. 11 in the ALJ's decision was not ultimately meritorious, the Commissioner argues it was reasonable in light of the facts, the regulations, an SSR, and Sixth Circuit case law (DN 23 PageID # 685-89). For this reason, the Commissioner contends that her position was substantially justified, and Plaintiff's request for attorney fees under EAJA should be denied.

Plaintiff argues that the Commissioner's position was not substantially justified due to her failure to follow Sixth Circuit case law (DN 22 PageID # 679-80). Plaintiff asserts that "the Commissioner failed to apply the correct legal standards, even though the law of this jurisdiction is well settled in that regard" (Id. PageID # 679). Plaintiff contends that the Commissioner's failures forced her to appeal her claim to this Court (Id.). Plaintiff alleges that the Commissioner "continued to defend her actions despite the fact that she knew, or at least should have known, that she could not meet this burden" (Id. PageID # 679-80).

The EAJA does not specifically define "substantially justified." 28 U.S.C. § 2412(d)(1)(A) and (B). Instead, it merely states "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

In Pierce v. Underwood, the Supreme Court adopted a reasonableness standard for determining whether the government's position is "substantially justified." 487 U.S. 552, 563-568 (1988). It explained that the position need not be "'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Id. at 565. The Supreme Court elucidated that a position "can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n. 2. "Thus, the proper standard in EAJA cases is whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989) (citing Pierce, 487 U.S. at 565).

"A careful distinction must be drawn between a lack of substantial *evidence*, which results in remand to the agency, and a lack of substantial *justification*, which results in an award of attorney's fees to the prevailing party in such an action. Olive v. Comm'r of Soc. Sec., 534 F. Supp. 2d 756, 758-59 (N.D. Ohio 2009) (citing Jankovich, 868 F.2d at 869-70); *see* Glenn v. Comm'r of Soc. Sec., 763 F.3d 494, 498 (6th Cir. 2014) (A remand does not necessarily require an award of attorney fees because that standard is not the equivalent to a finding that the

5

government's position was not substantially justified.). As the Supreme Court pointed out, "[c]onceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." Pierce, 487 U.S. at 569.

Here, the Court remanded this matter, pursuant to sentence four of 42 U.S.C. § 405(g), based on only one issue (DN 17). Specifically, whether there appeared to be substantial evidence to support the ALJ's finding that prior to February 24, 2015, there were jobs that existed in significant numbers in the national economy that Johnson could have performed considering her age, education, work experience, and residual functional capacity (RFC) (Id. citing Finding No. 11 at Tr. 34-35).

Plaintiff relied on an unpublished Sixth Circuit opinion, Cunningham v. Astrue, 360 F. App'x 606, 615-16 (6th Cir. 2010), and more current job information in the Occupational Information Net (O*NET) to argue that the vocational expert's testimony was based on two obsolete job listings in the Dictionary of Occupational Titles (DOT) and, therefore, could not represent substantial evidence to support the ALJ's finding (DN 11-1 PageID # 599-601). By contrast, the Commissioner relied on 20 C.F.R. § 404.1566(d)(1), Social Security Ruling 00-4p, and published Sixth Circuit opinions in support of her position that the vocational expert's uncontroverted testimony represented substantial evidence to support the ALJ's finding (DN 16 PageID # 632-36). The Commissioner argued that the ALJ complied with his obligation, under Social Security Ruling 00-4p, when he confirmed that the vocational expert's testimony did not conflict with information in the DOT, the Agency's primary source of occupational information (Id.). While the Court disagreed with the Commissioner, her position was justified, both in fact

and in law, to a degree that could satisfy a reasonable person. *See* Jankovich, 868 F.2d at 869. Therefore, the Court concludes that the Commissioner's position was substantially justified on the issue of whether the vocational expert's testimony constituted substantial evidence to support Finding No. 11 at Tr. 34-35.

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Johnson's motion for attorney fees and costs (DN 22) is **DENIED**.

Copies:     Counsel